JOSEPH LOSEE, as Pastor of the Living Waters Christian Church, Respondent, v CITY OF JOHNSTOWN et al., Appellants.

Third Department, May 13, 1982

APPEARANCES OF COUNSEL

*George E. Langr* for appellants.

*Mark E. Hallenbeck* for respondent.

OPINION OF THE COURT

SWEENEY, J. P.

The underlying action is one seeking to declare unconstitutional a certain resolution adopted by the City of Johnstown. The resolution reads as follows: "RESOLVED that the Charles Jenner Band Shell in the Sir William Johnson Park shall be available to organizations on a first come, first served basis, upon receiving a permit from the City Clerk and proof of insurance, for presentation of <u>Performing Arts</u> only and for non-profit activities, but no religious services shall be permitted."

After the adoption of the resolution, plaintiff applied to defendant city for a permit to use the band shell for "entertainment of Christian Music, testimonies, and the

sharing of God's Word". The application was denied based on the resolution. Plaintiff then commenced the present action contending that the resolution violated his right to the free exercise of speech under the First Amendment of the United States Constitution. Special Term denied defendants'. motion to dismiss the complaint for failure to state a cause of action and declared the resolution unconstitutional. This appeal ensued.

The basic issue on this appeal is whether the resolution violates plaintiff's rights under the First Amendment by prohibiting plaintiff from holding religious services in a public band shell which is otherwise available to the public. Initially, we note that public parks have been held to be traditional forums for assembly, discussion and exchange of ideas, including religious beliefs (see, e.g., *Kunz v New York,* 340 US 290, 293).

It is significant that defendant created a forum available to public groups generally. Consequently, defendants must justify any exclusion based on content by showing that the resolution is necessary to serve a compelling State interest and that it is narrowly drawn to achieve that end (*Widmar v Vincent,* __ US __, 102 S Ct 269, 274). It is argued by defendants that the resolution is necessary to avoid the prohibitions of the establishment clause. Accordingly, we are required to resolve the proper application of two conflicting constitutional claims. While it is possible that plaintiff will benefit from the use of the facility, the benefit would be "incidental" and thus not violative of the prohibition against "primary advancement" of religion (*Widmar v Vincent, supra,* p __, p 276). Under the circumstances, the use of the facility by plaintiff does not confer any imprimatur of defendants' approval of the religious beliefs of plaintiff. On this record, we are unable to recognize defendants' interest as sufficiently "compelling" to justify the exclusion of religious services contained in the resolution in question.

Defendants' reliance on *Brandon v Board of Educ.* (635 F2d 971, cert den __ US __, 102 S Ct 970) is misplaced. In *Brandon,* the court was concerned with a high school that denied the use of the school premises as an "open forum" to all student groups, not simply religious ones. Furthermore,

the case concerned high school students and it is conceivable that the use of the high school premises for prayer services might indicate that the State had placed its "imprimatur on a particular religious creed" (*Brandon v Board of Educ., supra,* p 978). No such circumstances exist in the present case and, therefore, there should be an affirmance.

The order should be affirmed, without costs.

KANE, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, without costs.